UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| SHAWN VAIL, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.  3:06CV000155-BD |
| | * | |
| MICHAEL J. ASTRUE, | * | |
| COMMISSIONER OF | * | |
| SOCIAL SECURITY[1] | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION AND ORDER

Shawn Vail brought this action under § 205(g) of the Social Security Act, 42 U.S.C.  § 405 (g) (1976) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance benefits under Title II and for Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. §§ 416(I), 423, 1381-1382c.  For reasons which follow, this case must be remanded to the Commissioner for further proceedings.

I.      Procedural History

Plaintiff protectively applied for Supplemental Security Income benefits on February 4, 2004, and applied for Disability Insurance benefits on February 11, 2004,

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is substituted, therefore, for Jo Anne B. Barnhart under Fed.R.Civ.P. 25(d)(1).

alleging that he became disabled on November 15, 2002.  After his applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ").  The ALJ held the hearing on November 3, 2005 (the "Hearing") (Tr. 469).  Plaintiff, represented by his attorney, appeared at the Hearing and testified.

On July 22, 2006, the ALJ denied the Plaintiff's claim (Tr. 10-18), and the Appeals Council denied relief on August 25, 2006.  (Tr. 4-6)  The only issue before this Court is whether there is substantial evidence in the record to support the finding that Mr. Vail is not disabled for purposes of the Social Security Act.  Because the decision of the ALJ contains irreconcilable findings of fact, the case must be remanded for further proceedings.

**II.    Background**

Plaintiff was thirty-five years old at the time of the Hearing.  (Tr. 17)  He has a high school education (Tr. 472) and past work experience as a truck driver, mechanic, salesman, and equipment operator.  (Tr. 63)  He suffers from bilateral foot problems, including gout, heel spurs, and osteoarthritis, as well as depressive disorder.  (Tr. 12, 460-63)  He had surgery on both heels for Haglund's deformity in 1992 (Tr. 279), and he suffers some limitation of motion in his lower extremities.  (Tr. 464)  He can occasionally

lift 25 pounds and can frequently lift 10 pounds. (Tr. 465) He can walk at least two hours in an eight-hour work day and can sit at least six hours in an eight-hour work day. (Tr. 465-66) He has no limitations in reaching, gross manipulation, fine manipulation and feeling. (Tr. 467) He also has been diagnosed with depressive disorder. (Tr. 290, 461)

**III.   Findings by the ALJ**

The ALJ found that the Plaintiff met the disability insured status requirements of the Social Security Act and he continued to meet requirements through December 31, 2007. He then followed the sequential analysis set out in 20 C.F.R. §§ 404.1520(a)-(f) (2005), finding: (1) that the Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability (Tr. 12); (2) that the Plaintiff had severe impairments, as that term is defined in the Social Security Act, both exertional and non-exertional, including: calcaneal spurs, status post surgery, gouty arthritis, and depressive disorder (Tr. 12); (3) that the Plaintiff did not have a "severe" impairment, or combination of impairments, so as to meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15); (4) that Plaintiff was unable to perform his past relevant work (Tr. 16-17); but (5) that, according to the medical-vocational guidelines ("Guidelines"), Plaintiff could perform jobs existing in significant numbers in the national and local economies. (Tr. 12-18). There was no testimony by a vocational expert.

**IV.     Legal Analysis**

    A.     *Standard of Review*:

In reviewing the decision of the ALJ, this Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is limited, and the decision of the ALJ must be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision." *Id.* Evidence that both supports and detracts from the ALJ's decision must be considered, but the decision cannot be reversed "merely because there exists substantial evidence supporting a different outcome." *Id.* "Rather, if, after reviewing the record, . . . it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, we must affirm the decision of the [ALJ]." *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000) (citations and quotation marks omitted). Thus, the Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).

B.   *ALJ's Use of Guidelines in Lieu of Vocational Expert*:

In addition to finding that the Plaintiff is unable to perform his past relevant work, the ALJ in this case also found that the Plaintiff has a "severe" non-exertional impairment, *i.e.*, severe depressive disorder, in addition to his exertional impairments (Tr. 12).  A "severe" impairment is one that significantly limits the plaintiff's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992).

After finding that the Plaintiff had a non-exertional impairment that "significantly limit[ed] the plaintiff's . . . mental ability to do basic work activities," the ALJ then found that, "[f]rom a mental standpoint, [the Plaintiff] remains mentally capable of understanding, remembering, and carrying out simple instructions; making simple work-related decisions; interacting appropriately with supervisors, co-workers, and the general public, and meeting basic social demands in a work setting; and, of adapting appropriately to routine changes in a work setting.  He is, therefore, capable of meeting the mental demands of unskilled work tasks."  (Tr. 15)  The ALJ made the determination that the Plaintiff could perform the full range of unskilled sedentary work using only the Guidelines, rather than by calling a vocational expert to explain the apparently contradictory findings, *i.e.*, that the Plaintiff is "significantly limited," but also that he is able to meet the "mental demands of unskilled work tasks."  (Tr. 17)

Under the law of this Circuit, the Guidelines may be used even when a claimant has non-exertional limitations, but only under prescribed circumstances.

> If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. [Citation omitted] . . . [A]n ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines.
>
> * * *
>
> "[S]ignificant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir. 1997) (quoting *Thompson v. Bowen,* 850 F.2d 346, 349-50 (8th Cir.1988)).

A plaintiff must meet his initial burden of proof, of course, by showing the existence of a disability before the testimony of a vocational expert is required. *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir. 1994). However, "[o]nce the ALJ determine[s] that the Plaintiff ha[s] a severe non-exertional condition, he [is] obligated to consult a vocational expert." *McGeorge v. Barnhart,* 321 F.3d 766, 768 -769 (8th Cir. 2003). In *McGeorge,* the ALJ determined that the claimant had a *non-severe* mental impairment. In

that case, the Court of Appeals for the Eighth Circuit found that it was appropriate for the ALJ to rely upon the Guidelines to reach the conclusion that the claimant was not disabled. However, in the case at hand, the ALJ found Mr. Vail to be suffering from a *severe* non-exertional malady, that is, severe depressive disorder. After making that finding, the ALJ was obligated to call a vocational expert rather than rely on the Guidelines to determine that the Plaintiff is not disabled.

This case, like the *Lucy* case, *supra*, must be remanded because the ALJ's findings are internally inconsistent. There can be no "substantial evidence" to support the decision in this case because the ALJ found a severe non-exertional impairment, in addition to exertional impairments, but failed to call a vocational expert to determine whether the Plaintiff is disabled.

## V. Conclusion

The record in this case does not support the ALJ's finding that Mr. Vail is not disabled within the meaning of the Social Security Act. The findings of the ALJ are internally inconsistent, given that the ALJ found a severe, non-exertional impairment, but also found, without benefit of a vocational expert, that the Plaintiff's non-exertional impairment would not prevent him from finding a job within his capabilities.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 23rd day of May, 2007.

                                              UNITED STATES MAGISTRATE JUDGE